IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | | |
|---|---|---|
| STEVEN CRAIG PATTY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE #:4:13-cv-03173 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| JAVIER F. PEÑA, | § | |
| SIX UNKNOWN FEDERAL AGENTS, | § | |
| a/k/a JOHN DOES 1-6, | § | |
| HARRIS COUNTY, TEXAS, | § | |
| DETECTIVE MARK REYNOLDS, and | § | |
| SIX UNKNOWN STATE ACTORS, | § | |
| a/k/a JOHN DOES 7-12, | § | |
|     Defendants. | § | **Jury Demanded** |

## Harris County's Motion to Dismiss Mr. Patty's Complaint

1. Steven Patty sued Harris County under 42 U.S.C. § 1983.[1]

2. Mr. Patty failed to state a claim against Harris County. Harris County moves to dismiss.[2]

3. Because Patty did not plead the elements of a *Monell*[3] claim against Harris County, the Court should dismiss the suit. Harris County is not vicariously liable under §1983 as averred in Patty's Complaint, p. 3, ¶ 7.[4]

---

[1] Plaintiff's Complaint, p. 3, ¶ 6.

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Monell v. Department of Social Serv.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035- 36, 56 L.Ed.2d 611 (1978).

[4] *Bd. of Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 415, 117 S.Ct. 1382, 1394, 137 L.Ed.2d 626 (1997) (Rejecting municipal liability predicated on *respondeat superior,* because the text of section 1983 will not bear such a reading.)

4. The elements of a municipal *Monell* claim are: a policymaker, an official policy, and policy "moving force" causation. These principles distinguish individual violations from actions of the government itself. "Mistakes in analyzing section 1983 municipal liability cases frequently begin with a failure to separate the three attribution principles and to consider each in light of relevant case law."[5]

5. Patty has not identified a Harris County policymaker with final policymaking authority or a policy that is the "moving force" behind any alleged constitutional violation.

6. Patty knows or should know that **Homicide** Detective Mark Reynolds was not involved in "collaboration" as averred in his Complaint, p. 6, ¶ 17. Detective Reynolds was on-call. He was assigned to investigate the murder of Lawrence Chapa. He knew nothing about this case until he arrived at the shooting scene.

7. Patty cooperated in processing his truck as part of the crime scene. Harris County Homicide towed Patty's truck and stored it temporarily in a secure lot – at no cost to Patty. Detective Reynolds released the truck to Patty's designated representative soon after the investigators completed collection of the forensic evidence.

8. Regardless of the facts that Patty should know, he has not identified a responsible policymaker, or pleaded any plausible facts to show that a Harris County policy caused Detective Reynolds or any other employee to violate a specified constitutional right.

---

[5] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

## Prayer

Harris County asks the Court to dismiss Mr. Patty's lawsuit for failure to state a municipal liability claim, and for all other relief to which it may be entitled.

          Respectfully submitted,

          VINCE RYAN
          Harris County Attorney

          ___/s/_____
          Fred A. Keys, Jr.
          Sr. Assistant County Attorney
          State Bar No. 11373900
          Houston, Texas  77002
          Telephone:  (713) 755-5141
          Facsimile:  (713) 755-8924
          fred.keys@cao.hctx

          ATTORNEYS FOR HARRIS COUNTY

## CERTIFICATE OF SERVICE

I certify that on January 27, 2014, I served by electronic notice – CM/ECF – the following counsel with a true and correct copy of Harris County's Motion to Dismiss Mr. Patty's Complaint.

    Arnold Anderson (Andy) Vickery
    The Vickery Law Firm
    P. O. Box 4340
    Houston, TX 77210-4340

          ___/s/_____
          Fred A. Keys, Jr.